**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,**

          **Plaintiff,**

   **v.**                             **Civil Action 2:16-cv-1206
Judge Michael H. Watson
Magistrate Judge Jolson**

**PETE GOULD & SONS, INC.,**

          **Defendant.**

## REPORT AND RECOMMENDATION

This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132. Defendant Pete Gould & Sons, Inc. was served with a summons and a copy of the complaint on January 5, 2017 (Docs. 3–4), but has failed to plead or otherwise defend this action. Plaintiffs applied to the Clerk for entry of default (Doc. 5), and the Clerk entered default pursuant to Federal Rule Civil Procedure 55(a) on January 27, 2017 (Doc. 6).

On February 7, 2017, this Court issued an Order noting that Plaintiffs had obtained default an entry of default, but they had not filed a motion for a default judgment or requested a hearing or trial on the issue of damages. (Doc. 7). Thus, the Court directed Plaintiffs to show cause within fourteen days why this action should not be dismissed. (*Id*. at 1). On the same day, Plaintiffs filed a Motion for Default Judgment against Pete Gould & Sons, Inc. (Doc. 8).

Consequently, Plaintiffs have set forth good cause and the Court shall consider the pending Motion.

Plaintiffs have established that Pete Gould & Sons, Inc. entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, by which it agreed to pay contributions on behalf of its employees working within the work jurisdiction of the union. (*See* Doc. 8-3, PAGEID #: 28). The affidavit of Plaintiffs' Contractor Relations Manager (Doc. 8-2), establishes that Defendant Pete Gould & Sons, Inc. owes $18,259.13 in unpaid fringe benefit contributions, liquidated damages, and interest for the period April 2016 through October 2016. (*Id*. at ¶ 3); 29 U.S.C. § 1132(g)(2).

Plaintiffs seek an award of attorney's fees in the amount of $1,960.00, for 7.00 hours billed at the rate of $280.00 per hour. (Doc. 8-3, PAGEID #: 23). Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rates charged are reasonable. (*Id*.).

Plaintiffs are therefore entitled to judgment in the amount of $18,259.13 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $1,960.00.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Doc. 8), be **GRANTED**. It is **FURTHER RECOMMENDED** that the Clerk enter judgment against Defendant Pete Gould & Sons, Inc. and that Plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from Pete Gould & Sons, Inc., the sum of Eighteen Thousand Two Hundred Fifty-Nine Dollars and Thirteen Cents ($18,259.13), including unpaid fringe benefit contributions through October 2016, prejudgment interest, and liquidated damages,

and reasonable attorney's fees in the amount of One Thousand Nine Hundred Sixty Dollars ($1,960.00), plus interest from the date of judgment at the rate of one percent (1%) per month.

### Procedure on Objections

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  February 8, 2017                              /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE